Charles B. Cranston, Columbus, and James C. Nicholson, Columbus, for plaintiff in error.

Mitchell R. Nachman, Columbus, for defendant in error.

### NICHOLSON v NICHOLSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2530.   Decided Nov 27, 1935

* * *

## OPINION

By BODEY, J.

It is particularly claimed by plaintiff in error that the court was without authority to correct its decree of February 13, 1934, by including therein the settlement which had been entered into by the parties; that the court erred in holding that the plaintiff in error had agreed in said settlement to pay money alimony to his wife, it being the affirmative claim of plaintiff in error that he had agreed to execute notes to his wife rather than to pay her money; and that the court made no finding and the evidence did not show that the plaintiff in error was financially able to make said payments.

It is a well recognized principle that courts have a continuing jurisdiction over their records and that such records should speak the truth. The following language taken from 35 O. J., 27, §24, lays down the rule:

"It is axiomatic that a record must speak the truth. When it does not do so, through inadvertence or mistake, those who have the authority and power may correct the record to make it conform to the truth."

We think that no prejudicial error followed the action of the court in amending

or correcting the journal entry of February 13, 1934. The court in its original entry had approved the contract of separation. Having placed its stamp of approval on this agreement the court was allowing to the wife, who had been granted the decree of divorce, alimony as it was bound to do under the provisions of §11990 GC. In addition to this, by the last paragraph of said agreement above quoted, the parties agreed that the same should be made a part of the decree in case a divorce was granted. Since the plaintiff in error had privately agreed with his wife that their settlement in lieu of alimony should be carried into a decree of the court, if a divorce was granted, he may not now be heard to complain that he was prejudiced when the court ultimately carried out his agreement for him.

The second claim advanced by plaintiff in error raises a very interesting question. The court is not in accord upon the construction to be placed on this contract of the parties. It is the view of Barnes, PJ, and Hornbeck, J, that the agreement of the parties provides for the payment of the sum of $500.00 in money as alimony to the defendant in error and that a failure on the part of the plaintiff in error to pay said amount of money on the dates set out in the contract above quoted renders him guilty of contempt of court, providing such non-payment constitutes a willful refusal and neglect on the part of the plaintiff in error. It is the view of the writer of this opinion that the agreement entered into between the parties provided for the execution of five certain promissory notes in the sum of $100.00 each, said notes to bear due dates of March 1. 1934, and monthly thereafter, and is not an agreement on the part of the plaintiff in error to pay money to his wife. It would therefore follow in the opinion of the writer, that no complaint in contempt may be grounded upon the failure of the plaintiff in error to pay these notes after the same were executed. The court is in accord on the propositions that the parties could not by their contract confer jurisdiction in contempt proceedings upon the Court of Domestic Relations. If a valid order for the payment of alimony had been entered by the court, that court had jurisdiction to enforce compliance with the same irrespective of the consent of the parties. On the other hand, if the court had made no order for the payment of alimony in money, but had ordered the execution of notes, which notes had been given but had not been paid as they fell due, the parties by their contract could not confer jurisdiction on the court in a contempt proceeding

for non-payment of these notes. We refer to 11 O. Jur., 702, §§61 and 62 in support of this proposition.

The court is of unanimous opinion that the evidence as disclosed by the bill of exceptions did not warrant a finding by the court that there was an ability to pay on the part of this plaintiff in error and that he had wilfully violated the order of the court granting, of course, that a valid and enforceable order had been previously entered by the court for the payment of alimony. It is a well settled rule that a defendant should not be found guilty of contempt for failure to pay alimony when the evidence discloses that he has no property and that his income has been insufficient to provide for himself and to make such payments. 9 O. J., 101, §55. The cases cited under this reference support the rule announced. In the instant case, no testimony was offered by the wife concerning the property, assets or ability to pay of the plaintiff in error. The only evidence offered in this connection is found in the testimony of plaintiff in error. The parties were the only witnesses examined. It is disclosed from the testimony of the plaintiff in error that he is an attorney, that he has no retainer fees, that he owns no property of any kind, that his living expenses approximate $50.00 a month and that his office expenses average about $75.00 per month, that he has bought no new clothing for two years, that he has recently moved his office in order to cut down expenses, that he employs no stenographer or secretary, that he has borrowed money with which to pay his rent at a former location, and that he has been unable to pay the sum of $100.00 or any portion thereof to his former wife since these notes were executed. The plaintiff in error further testifies that money matters in his profession were stringent and that his expense exceeded his income. We do not believe that the lower court was justified in the face of this uncontradicted testimony in finding the defendant guilty of contempt of court again granting that an enforceable order for the payment of alimony had been previously entered by the court.

While fifteen errors are assigned in the petition in error, each of the assignments runs in one way or another to those errors which have here been discussed. No benefit would accrue by a discussion of each of these errors separately. It is the opinion of the court that the judgment of the trial court was contrary to law and that the same is not supported by the evidence, being manifestly contrary thereto. Because

of these intervening prejudicial errors the judgment of the lower court is reversed and this cause is remanded.   Exceptions.

BARNES, PJ, and HORNBECK, J, concur.